UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK         CASE No.: 1:13-cv-04388-WFK-VMS
----------------------------------------------------------------

EDUARDO DOMENECH

                Plaintiff,                           2nd AMENDED COMPLAINT

     -against-                             PLAINTIFF(S) DEMAND
                                                                 TRIAL BY JURY

THE CITY OF NEW YORK,
CPT. SCOTT HENDERSON,
SGT. ROBIN LEWIS,
DET. TYRONE KIRTON,
P.O. CALDERONE,
"CONFIDENTIAL INFORMANT",
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

                Defendant(s)

----------------------------------------------------------------

       Plaintiff, EDUARDO DOMENECH, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, CPT. SCOTT HENDERSON, SGT. ROBIN LEWIS, DET. TYRONE KIRTON, P.O. CALDERONE, "CONFIDENTIAL INFORMANT", Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988  [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the

events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff EDUARDO DOMENECH resides in New York and is a resident of the State of New York.

7. CPT. SCOTT HENDERSON at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

8. SGT. ROBIN LEWIS at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. DET. TYRONE KIRTON at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. P.O. CALDERONE at all times relevant to this action was employed with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

11. "CONFIDENTIAL INFORMANT" at all times relevant to this action was employed with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

12. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

13. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

14. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. On July 12, 1012 at approximately 8 am MR. DOMENECH minding his own business inside his home located at 60 Carlton Ave. #5C Brooklyn, NY 11205.

16. At the above time and place MR. DOMENECH heard a loud banging on his apartment door.

17. MR. DOMENECH approached the door and told whoever it was to "hold on" while he opened it.

18. Instead a tactical team of NYPD officers smashed the door open with a battering ram.

19. Upon their entry some of the officers shoved MR. DOMENECH so hard that he flew over a couch.  Upon information and belief one of the officers to have done this was CPT. SCOTT HENDERSON.

20. He was then tackled by numerous large, armored NYPD officers.  Upon information and belief one of the officers to have done this was CPT. SCOTT HENDERSON.

21. Other officers had their guns drawn and pointed at MR. DOMENECH.

22. MR. DOMENECH immediately went limp and began to tell the officers that he had back

surgery within the last year.

23. Officers then placed their knees into MR. DOMENECH's back and handcuffed him.

24. At this point MR. DOMENECH began to complain about extreme pain in his back.

25. The officers ignored his pleas and complaints and lifted him up by his handcuffs and threw him on the couch.

26. The officers than completely destroyed MR. DOMENECH's apartment: breaking his electronic equipment, tearing open mattresses and ransacking all of his possessions, including the food in his refrigerator.

27. While the officers ransacked the apartment, MR. DOMENECH heard a black female officer say to, whom he believed to be, the supervisor, "I told you this was the wrong place" no less than three times. Upon information and belief the supervisor SGT. ROBIN LEWIS.

28. After approximately three hours the officers left the apartment unceremoniously without apology or explanation.

29. At no time during this invasion did MR. DOMENECH feel free to leave.

30. This was MR. DOMENECH first contact with the police in his entire life; it should be noted he is 45 years old.

31. It should also be noted MR. DOMENECH had back surgery on October 11, 2011 stemming from his life-long work as a maintenance worker.

32. The assault on MR. DOMENECH severely aggravated his already injured back and exacerbated his preexisting conditions as well as prolonged and complicated his recovery from back surgery.

33. The assault on MR. DOMENECH led to him being diagnosed with PTSD.

34. At no time did plaintiff commit any offense against the laws of New York City and or State

for which an arrest may be lawfully made.

35. Upon information and belief the investigation that led to this home invasions was conducted by SGT. ROBIN LEWIS, P.O. CALDERONE, DET. KIRTON and a CONFIDENTIAL INFORMANT.

36. SGT. ROBIN LEWIS, DET. KIRTON, P.O. CALDERONE and a CONFIDENTIAL INFORMANT either concocted a fabricated buy operation or made a grievous mistake in their investigation.

37. SGT. ROBIN LEWIS, DET. KIRTON, P.O. CALDERONE and a CONFIDENTIAL INFORMANT claim that two buys of crack cocaine were purchased at plaintiff's apartment. However, the description given of the sellers of the drugs do not match plaintiff's description in the slightest.[1] Furthermore, because plaintiff had recently underwent back surgery he was bed ridden and home bound during the entire month the investigation was conducted and is certain no one of the officers' description has never been in his apartment.

38. Therefore it is plaintiff's contention that the officers fabricated the information that led to the tactical raid or negligently performed the investigation that led to the tactical raid.

39. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

40. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants'

---

[1] Defendants' claim an African American male with no teeth in his 30s and a heavy weight African American female in her 30s were the sellers of the contraband. Mr. Domenech is a light skinned Hispanic male in his 40s who lives alone.

knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

41. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

42. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

43. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

44. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

45. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

46. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

47. Plaintiff filed a Notice of Claim on August 14, 2012.  (Claim No. 2012PI021732)

48. A 50h hearing was conducted on June 3, 2013.

49. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

<strong><u>AS A FIRST CAUSE OF ACTION:</u></strong><br><strong>42 U.S.C Section 1983-against all Defendants.</strong>

50. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

51. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

52. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

53. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth

Amendments to the United States Constitution.

54. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him;

    F. Denied equal protection under the law; and

    G. Denial of medical services.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### Failure To Intervene - Fourth Amendment - 42 U.S.C. S 1983

56. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

57. The officer defendants were present for the above-described incident and witnessed other defendants actions.

58. The officer defendants' use of force against plaintiffs was unjustified under the circumstances yet the officer defendants failed to take any action or make any effort to intervene, halt or protect plaintiffs from being subjected to their actions by other officer

defendants.

59. The officer defendants' violations of plaintiffs' constitutional rights by failing to intervene in other defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A THIRD CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

60. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

61. By detaining and imprisoning plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

62. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

63. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

64. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the doctrine of respondeat superior.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above,

plaintiff sustained the damages herein-before alleged.

## AS A FORTH CAUSE OF ACTION:
### Assault and Battery--all Defendants

66. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

67. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

68. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FIFTH CAUSE OF ACTION:
### False Arrest and False Imprisonment--all Defendants

69. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

70. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff.

71. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

72. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

73. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

74. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

75. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

76. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's

detention and imprisonment during this period of time. Defendants, as employer, are responsible for their wrongdoing under the doctrine of respondeat superior.

77. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

78. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A SIXTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress-all Defendants

79. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

80. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

81. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

82. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

83. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SEVENTH CAUSE OF ACTION:
### Negligent and Retention of Employment Services-against all Defendants.

84. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

85. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

86. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

87. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

88. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.

89. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A EIGHTH CAUSE OF ACTION:
### Negligence against all Defendants

90. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

91. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

92. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said

injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of his pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

93. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A NINTH CAUSE OF ACTION:
*Monell* **claim**[2]

94. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

95. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

I. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs

---

[2] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

under 42 U.S.C. Section 1988;

II. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

III. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

IV. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

V. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

VI. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

VII. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

VIII. On the Eighth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

IX. On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be

    determined at trial;

X.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

5/23/2014
Brooklyn, New York

                                      Respectfully Submitted


                                      _____/s/_____
                                    By:    Paul Hale, Esq
                                    26 Court St. Ste 913
                                    Brooklyn, NY 11242
                                    (718) 554-7344